## Blankeship v. Adkins.

(Decided, December 12, 1930.)

W. K. STEELE for appellant.

ROSCOE VANOVER, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a suit to quiet title to 13.8 acres of land in Pike county. The parties to this appeal trace their titles to a common source.

Prior to March 13, 1874, Benjamin Meade was the owner of the land in controversy which was part of a tract known as the Benjamin Meade patent. Benjamin Meade owned another tract known as the Colbert Cecil land which adjoined the Benjamin Meade patent. On March 13, 1874, Benjamin Meade and wife conveyed to A. R. Cross 300 acres of land, and in the granting clause of the deed to Cross, this language appears:

> "A certain tract or parcel of land, lying and being in the county of Pike and state of Kentucky lying and being on the water of Jiny Fork of Cow Pen, Ky. a tract of land in part conveyed to said Meade by Colbert Cecil and in part of the same farm or boundary run out by said Meade and in the whole boundary containing three hundred acres more or less."

The land is then described by metes and bounds; the pertinent calls being as follows:

> "Thence to a double lynn on top of said ridge near the gap of Harmons branch, thence with Harvey Lesleys line to the upper end of said Meade farm to the Blankenship line, thence down with said line to the poplar near the Lane."

On March 3, 1879, A. R. Cross conveyed this tract of land to R. M. Ferrell, and on August 5, 1886, Ferrell and wife conveyed it to the appellant, George W. Blankenship. The same description appearing in the deed from

Meade to Cross appears in the deeds from Cross to Ferrell and Ferrell to Blankenship. Prior to March 13, 1874, Hiram Blankenship owned a tract of land which adjoined the Benjamin Meade patent on the east and south. The tract here in controversy, which was a part of the Benjamin Meade patent, is triangular in shape, and adjoins the Hiram Blankenship tract on the north. If the line between the Benjamin Meade patent and the Hiram Blankenship tract had been extended north to the Harve Lesley line, the triangular shaped tract here in controversy would have been cut off from the Benjamin Meade patent. On March 13, 1874, the date of the deed from Meade to Cross, Benjamin Meade acquired the Hiram Blankenship land, and in 1885 he conveyed a tract of land to Jerry Brown, and it is conceded that the description in the deed from Meade to Brown included both the Hiram Blankenship land and the land here in controversy. Brown later conveyed the land to Elsie Adkins, father of appellee, from whom appellee inherited it.

It is conceded that the deed from Meade to Brown, under which appellee claims, included the land in controversy, but appellant claims that Meade had previously conveyed the same land to A. R. Cross, under whom he claims, and that therefore he has superior title. He relies upon the language appearing in the deed from Meade to Cross, which was "a tract of land in part conveyed to said Meade by Colbert Cecil and in part of the same farm or boundary run out by said Meade," and also on the particular description found in a subsequent clause of the same deed. The language above quoted is not altogether clear, and might be construed as meaning a part of the "farm or boundary run out by said Meade," but it is argued that the call, "thence with Harve Lesleys line to the upper end of said Meade farm to the Blankenship line," necessarily carried the line to a chestnut oak on top of the ridge, which was at the eastern tip of the triangular shaped tract here in controversy, and the point where it cornered with the Hiram Blankenship tract, and, when read with the last call, "thence down with said line to the poplar near the lane," would include this triangular shaped tract. It appears, however, that on the same day that Meade executed the deed to Cross he acquired by deed the Hiram Blankenship tract, and it is logical to assume, in the light of subsequent events, and in view of its physical relationship to the respective

tracts, that he intended to add the 13.8 acres here in controversy to the Hiram Blankenship tract and not include it in the deed to Cross. An inspection of the plat filed with the record discloses that this strip of land, by reason of its shape and location, belongs to the Hiram Blankenship tract rather than to the tract sold by Meade to Cross, and there is nothing in the record showing the physical conditions to be such as to lead to a contrary conclusion.

Stoney Amick, a civil engineer, ran the line from the calls found in the deed from Meade to Cross, and it was his opinion that the deed under which appellant is claiming did not include the land in dispute, although on cross-examination he admitted it was probably susceptible of such construction.

Many years before this litigation arose, appellant and his son, J. R. Blankenship, purchased from appellee's father timber located on the tract of land now in dispute. J. R. Blankenship, principal witness for the appellant, who did not testify, candidly admitted that fact. Appellant relies upon a number of cases which announce the rule that, where one enters upon lands claiming title under a deed, and claims to the extent of his boundaries, he is in actual possession of all the land embraced in his deed which is not at the time held adversely by another. Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004, is illustrative of this line of cases which hold that such possession of the land precludes any other such possession of it. This rule is firmly established, but has no application here. Appellant's argument begs the question. He assumes as a premise that the deed under which he claims included the land in dispute when that is the very question in issue. The chancellor found that the deed under which appellant claims did not include this land, and quieted appellee's title thereto, and we are not prepared to say his finding is not sustained by a preponderance of the evidence.

The judgment is affirmed.